Case 4:16-cv-00772   Document 33   Filed in TXSD on 02/17/17   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 17, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY DEAN JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-772 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM AND ORDER

Petitioner Larry Dean Johnson filed a petition for a writ of habeas corpus. Respondent moved to dismiss on the grounds that the petition is barred by the statute of limitations. For the following reasons, the Court now concludes that Johnson's petition is barred by the statute of limitations and must be dismissed.

### I. Background

The relevant facts are not in dispute. Johnson pled guilty to aggravated sexual assault of a child on March 16, 1998, in the 339th Judicial District Court of Harris County, Texas. That court sentenced Johnson to 30 years imprisonment. It appears that Johnson did not appeal.

Johnson filed an application for state habeas corpus relief, which was denied on August 28, 1991. No. WR-22,545-01 (Tex. Crim. App. Aug, 28, 1991). Johnson filed this federal petition on March 24, 2016.

### II. Analysis

#### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") took effect on April 24, 1996. Under AEDPA, a State prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002).

The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of *certiorari* with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).

Johnson's time to seek direct review was complete before the enactment of the AEDPA. *See* Tex. R. App. P. 26.2. Therefore, his limitations period began to run on the AEDPA's effective date, and expired one year later, on April 24, 1997. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998).

The limitations period is tolled, however, for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). In this case, Johnson's state habeas corpus application was denied on August 28, 1991, before the AEDPA took effect. Therefore, Johnson never had a state habeas application that tolled the statute of limitations, and his federal petition was due on or before April 24, 1997. His filing on March 24, 2016 was almost 19 years after the limitations period expired, and Johnson's federal petition is time barred.

B. **Equitable Tolling**

The AEDPA statute of limitations is not jurisdictional, and is subject to equitable tolling "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "Rare and exceptional circumstances" exist when a petitioner is actively misled by the state or prevented in some extraordinary way from asserting his rights. "But, a garden variety claim of

excusable neglect by the petitioner does not support equitable tolling." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted). Johnson makes no argument that he is entitled to equitable tolling.

### C. Conclusion

For the foregoing reasons, Johnson's petition is dismissed with prejudice.

## III. Certificate of Appealability

Johnson has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to

proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Johnson's petition and concludes that, under clear, binding precedent, the petition is barred by the statute of limitations. The court concludes that jurists of reason could not find it debatable whether this Court is correct in its conclusion. This Court concludes that Johnson is not entitled to a certificate of appealability.

## IV.     Order

For the foregoing reasons, it is ORDERED as follows:

1. Respondent Lorie Davis' motion to dismiss (Dkt. No. 14) is GRANTED;

2. Petitioner Larry Dean Johnson's Petition for Writ of Habeas Corpus (Dkt. No. 1) is DISMISSED AS TIME-BARRED;

3. No certificate of appealability shall issue; and

4. All other pending motions in this case are DENIED AS MOOT.

SIGNED on this 17th day of February, 2017.

_____
Kenneth M. Hoyt
United States District Judge